**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| TMT SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 6:20-cv-00973-ADA |
| | ) | |
| MEDTRONIC, INC. and MEDTRONIC USA, INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| | ) | |
| Defendants. | ) | **PUBLIC VERSION** |

**PLAINTIFF TMT SYSTEMS, INC.'S OPPOSITION TO DEFENDANTS MEDTRONIC, INC. AND MEDTRONIC, USA, INC.'S MOTION TO STAY NON-VENUE EVENTS PENDING DECISION ON MOTIONS TO DISMISS AND TRANSFER**

[redacted]

# TABLE OF CONTENTS

I. INTRODUCTION .......... 1

II. BACKGROUND .......... 2

III. LEGAL STANDARD .......... 6

IV. ARGUMENT .......... 7

A. Granting the Motion Will Prejudice TMT as the Non-Moving Party .......... 7

B. Defendants Will Not Suffer Harm or Inequity As a Result of Denying the Motion .......... 8

C. Granting the Motion Will Not Preserve Judicial Resources .......... 10

V. CONCLUSION .......... 10

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Freeny v. Apple Inc.*, No. 2:13–cv–00361–WCB, 2014 WL 3611948 (E.D. Tex. Jul. 22, 2014) ....................9

*Landis v. N. Am. Co.*, 299 U.S. 248 (1936)....................7

*Neodron Ltd. v. Dell Techs. Inc.*, No. 1-19-CV-00819-ADA, 2019 WL 9633629 (W.D. Tex. Dec. 16, 2019)....................6, 7, 10

*In re Nintendo Co.,* 544 F. App'x 934 (Fed. Cir. 2013) ....................10

*In re Ramu Corp.*, 903 F.2d 312 (5th Cir. 1990) ....................6

*Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 1069179 (E.D. Tex. Mar. 11, 2015) ....................9

*YETI Coolers, LLC v. Home Depot U.S.A., Inc.*, No. 1:17-CV-342-RP, 2018 WL 2122868 (W.D. Tex. Jan. 8, 2018)....................7

**Statutes**

28 U.S.C. § 1400(b) ....................1

28 U.S.C. § 1404(a) ....................1

**Rules**

Fed. R. Civ. P. 1....................8

Fed. R. Civ. P. 30(b)(6)....................2, 5

Fed. R. Civ. P. 33(d) ....................4

## I. INTRODUCTION

Plaintiff TMT Systems, Inc. hereby opposes Defendants Medtronic, Inc. and Medtronic USA, Inc.'s Motion to Stay Non-Venue Events Pending Decision on Motions to Dismiss and Transfer. Defendants' attempt to delay these proceedings is entirely unwarranted.

The parties are nearing the close of venue discovery and the completion of briefing on the motion to dismiss for improper venue under 28 U.S.C. § 1400(b) and motion to transfer to the Northern District of California under 28 U.S.C. § 1404(a). TMT expects to file its oppositions to these motions no later than the week of May 24, which will allow the Court to resolve the venue dispute in advance of the *Markman* hearing scheduled for June 29, 2021. If the Court determines that it requires additional time to decide these motions, then the Court can always move the hearing date. There is no need to stay the entire litigation.

Defendants strategically waited to file this motion until *after* they deposed the inventor of the infringed patent on May 2 and received TMT's opening claim construction brief on May 4 so that they could rely upon these materials for other purposes, such as their May 17 filing of motions to dismiss for lack of written description. Having intentionally delayed the filing of their motion to stay, Defendants are in no position to suggest that their goal all along has been to conserve party or judicial resources. Moreover, Defendants will suffer no prejudice from continuing to proceed under the existing claim construction schedule, as this work will need to be done no matter where this case is litigated. Any delays in the completion of venue discovery, moreover, have stemmed from Defendants' failures to fully and timely disclose highly relevant documents and information that TMT requested. A stay, meanwhile, will unnecessarily delay the resolution of TMT's infringement claims. The decision to stay the case is firmly within the discretion of the Court, and the Court should exercise its discretion to deny Defendants' motion.

## II. BACKGROUND

TMT filed its initial Complaint against Medtronic, Inc. on October 16, 2020, alleging that sales of Endurant stent graft products (the "Accused Products") infringe U.S. Patent No. 7,101,393 ("'393 patent"). *See* ECF No. 1. On October 30, 2020, Medtronic, Inc. filed an unopposed motion, which the Court granted, to extend the time to respond to the Complaint by 45 days. On December 21, 2020, Medtronic, Inc. filed its motion to dismiss TMT's complaint for improper venue. ECF No. 18. Two days later, on December 23, 2020, Medtronic, Inc. filed its contingent motion to transfer the case to the Northern District of California. ECF No. 19. Just six days later, on December 29, 2020, TMT served requests for production of documents, interrogatories, requests for admission, and a Rule 30(b)(6) deposition notice directed to the issues raised in the venue motions. TMT amended its Complaint on January 11, 2021, to identify additional infringing products. ECF No. 21. Medtronic, Inc. renewed its motion to dismiss and contingent motion to transfer venue on January 25, 2021. ECF Nos. 22-23.

After requesting a one-week extension to respond to TMT's venue discovery requests, Medtronic, Inc. served its initial responses on February 4, 2021. At that time, Medtronic, Inc. produced a total of *three* documents and provided evasive and incomplete responses to TMT's interrogatories and requests for admission. Medtronic, Inc.'s deficiencies in responding to venue discovery requests resulted in weeks of negotiations and meet-and-confer telephone calls. Medtronic, Inc. eventually amended its interrogatory responses twice and continued to produce documents on a rolling basis through mid-April.

Medtronic, Inc.'s multiple amendments to its discovery responses represented a complete about-face on critical issues. The factual record in this case would look very different but for TMT's efforts to require Medtronic, Inc. to provide complete, non-evasive responses to TMT's

venue discovery requests. For example, Medtronic, Inc.'s initial interrogatory responses stated that Medtronic Vascular, Inc.—which is headquartered in the Northern District of California—"has sold" the Accused Products in the United States. *See* Ex. A, Medtronic, Inc.'s Feb. 4, 2021 Resp. to Pl.'s Interrog. No. 16. After TMT pressed for more information (because the response limited to "has sold" was evasive and incomplete), Medtronic, Inc. amended its interrogatory response to *delete* Medtronic Vascular, Inc. as a seller of the Accused Products and *replace* it with Medtronic USA, Inc. and Medtronic Puerto Rico Ops Co. as the sellers of the Accused Products. *See, e.g.*, Ex. B, Medtronic, Inc.'s Feb. 22, 2021 Resp. to Pl.'s Interrog. No. 16. To date, Medtronic, Inc. has provided no explanation for its failure to identify the correct entities responsible for selling the Accused Products in its original interrogatory response.

In a similar vein, Medtronic, Inc. initially responded that it could not locate any documents to produce in response to TMT's document requests seeking all agreements by which Medtronic, Inc. is permitted to have its employees work at an office facility in San Antonio leased by its subsidiary MiniMed Distribution Corp. *See* Ex. C, Medtronic, Inc.'s Feb. 4, 2021 Resp. to Pl.'s RFP Nos. 2-3. TMT requested such agreements because Medtronic, Inc. denied in its motion to dismiss for improper venue that this office facility constitutes a "regular and established place of business" *of Medtronic, Inc.*, even though Medtronic, Inc. admits to having 20 employees who work at that facility. *See* ECF No. 18 at 6-10. Again, after TMT pressed for more information, Medtronic, Inc. eventually produced the lease for the San Antonio facility—

. *See, e.g.*, Ex. D, MDT-TMT00000187-220 at MDT-TMT00000194



[redacted] (emphasis added); *see also, e.g.*, Ex. E, MDT-TMT00000169-73 at MDT-TMT00000169 [redacted]

When responding to similar interrogatories asking Medtronic, Inc. to identify any agreements that permitted it to have its employees work at the San Antonio facility, Medtronic, Inc. initially responded that it could not locate any such agreements. *See* Ex. A, Medtronic, Inc.'s Feb. 4, 2021 Resp. to Interrog. Nos. 2-3; *see also* Ex. B, Medtronic, Inc.'s Feb. 22, 2021 Resp. to Interrog. Nos. 2-3. But once again, after TMT pressed for more information, Medtronic, Inc. eventually amended its interrogatory response to identify a [redacted] *See* Ex. F, [redacted] MDT-TMT00000291-301; Ex. G, Medtronic, Inc.'s Feb. 26, 2021 Resp. to Interrog. Nos. 2-3 (identifying, pursuant to Fed. R. Civ. P. 33(d), MDT-TMT00000291).

While Medtronic, Inc. eventually relented to TMT's multiple requests to supplement its discovery responses, Medtronic, Inc. refused to budge on others, ultimately requiring TMT to seek relief from the Court. At a hearing conducted on March 18, 2021, the Court ordered Medtronic, Inc. to provide additional discovery in response to multiple discovery requests, including the production of [redacted] between Medtronic, Inc. and the other Medtronic affiliates involved in manufacturing, importing, and selling the Accused Products. *See* ECF No.

39 at ¶¶ 16-23. These additional [REDACTED] were finally produced on March 31, 2021.

As a result of information disclosed during the course of venue discovery, including that Medtronic USA, Inc. (not Medtronic Vascular, Inc. as initially disclosed) is and was a seller of the Accused Products and [REDACTED] TMT notified Medtronic, Inc. of its intention to file a Second Amended Complaint on April 9, 2021. When Medtronic, Inc. objected to TMT's proposed Second Amended Complaint, TMT sought guidance from the Court, which advised the parties that, under its standard Order Governing Proceedings ("OGP"), TMT was not required to file a motion for leave to amend at this stage of the litigation. Ex. H, J. Zheng Email to Parties Dated Apr. 16, 2021. TMT thereafter filed its Second Amended Complaint on April 19, 2021. Among other things, the Second Amended Complaint added Medtronic USA, Inc.—a seller of the Accused Products—as a Defendant.[1]

On April 27, 2021, TMT served venue discovery requests directed to the new Defendant, Medtronic USA, Inc. Shortly thereafter, on May 4, 2021, Medtronic, Inc. renewed its contingent motion to transfer, which Medtronic USA, Inc. joined. ECF Nos. 43-44. In addition, on May 17, 2021, Medtronic, Inc. and Medtronic USA, Inc. filed motions to dismiss the Second Amended Complaint for improper venue, ECF Nos. 47-48, as well as for lack of written description, ECF No. 49, 51. A Rule 30(b)(6) deposition of a corporate designee for both Medtronic, Inc. and Medtronic USA, Inc. will take place on May 21, 2021. Medtronic USA, Inc. has informed TMT

[1] Although Medtronic USA, Inc. claims that venue is improper over it in the Western District of Texas, it has over 50 employees who work on a regular basis at the San Antonio facility. ECF No. 37 at ¶ 47. As discussed above, the lease for the San Antonio facility [REDACTED]

that it will serve responses to a subset of the venue discovery requests by May 18, 2021, in advance of the deposition. TMT intends to respond to Defendants' motion to transfer and motion to dismiss for improper venue during the week of May 24, 2021. Accordingly, briefing will be complete on both motions by no later than June 4, 2021.

Consistent with the Court's standard OGP, the parties have served preliminary infringement and invalidity contentions, exchanged claim terms and proposed constructions, and disclosed extrinsic evidence to be relied on with respect to claim constructions. Defendants deposed TMT's CEO and the inventor of the '393 patent, Dr. Timur Sarac, on May 2, 2021. TMT served its opening claim construction brief on May 4, 2021. ECF No. 42. Defendants' responsive claim construction brief is due May 24, 2021. The *Markman* hearing is scheduled for June 29, 2021.

Medtronic, Inc. and Medtronic USA, Inc. did not file this motion to stay until May 13, 2021—even though Medtronic, Inc. has been aware of TMT's plan to file the Second Amended Complaint since April 9, 2021. This delay appears to be strategically motivated: Defendants waited until after Dr. Sarac was deposed on May 2, and after TMT served its opening claim construction brief on May 4, to file their motion to stay. Defendants cited TMT's opening claim construction brief repeatedly, as well as Dr. Sarac's deposition, in their motions to dismiss for lack of written description. *See* ECF No. 49 at 1-3, 14; ECF No. 51 at 1-3, 14. Defendants did not notify TMT of their intent to file the motion to stay until May 12, the day before it was filed.

## III. LEGAL STANDARD

"Whether to stay a case falls within the Court's inherent discretional authority." *Neodron Ltd. v. Dell Techs. Inc.*, No. 1-19-CV-00819-ADA, 2019 WL 9633629, at *1 (W.D. Tex. Dec. 16, 2019) (citing *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990)). "Determining whether to issue a discretionary stay 'calls for the exercise of judgment, which must weigh competing interests and

maintain an even balance.'" *Id.* (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). "Ultimately, the proponent has the burden to 'make out a clear case of hardship or inequity in being required to go forward if there is even a fair possibility that the stay for which he prays will work damage to someone else.'" *Id.* (quoting *Landis*, 299 U.S. at 255).

In determining whether a stay is proper, a district court should consider, among other factors, (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) judicial resources. *YETI Coolers, LLC v. Home Depot U.S.A., Inc.*, No. 1:17-CV-342-RP, 2018 WL 2122868, at *1 (W.D. Tex. Jan. 8, 2018). As discussed below, none of the relevant factors supports the grant of Defendants' motion.

## IV. ARGUMENT

### A. Granting the Motion Will Prejudice TMT as the Non-Moving Party

TMT is entitled to have its claims resolved expeditiously. *Neodron Ltd.*, 2019 WL 9633629, at *2 ("extended delay would likely prejudice [the plaintiff's] interests in protecting its patents and an expeditious resolution to the litigation"). A stay and delay of the proceedings in this action will prejudice TMT, particularly since the *Markman* process is already well underway, TMT has filed its opening claim construction brief, and Defendants have deposed Dr. Sarac. Defendants' arguments ignore the substantial work that TMT has already performed and the prejudice to TMT of an unnecessary delay of the case.

Defendants' arguments that TMT would not be prejudiced by a stay have no merit. First, Defendants assert that TMT will not be prejudiced because it waited until 2020 to file this lawsuit. TMT has not, however, forfeited its right to an expeditious resolution of this patent infringement suit simply because it could have been filed sooner. Indeed, as alleged in the Second Amended Complaint, TMT spent years trying to persuade Medtronic to resolve the dispute amicably. *See* ECF No. 37 at ¶¶ 62-63. TMT should not now be punished for those efforts to reach an out-of-

court resolution of this dispute. Similarly, Defendants suggest that TMT will not be prejudiced because it seeks money damages and does not compete with Medtronic, Inc., but TMT is hurt no less by a delayed recovery of money damages to which it is entitled.

In addition, Defendants argue that TMT waited over three months to file its Second Amended Complaint. Yet Defendants completely ignore that the allegations brought against Medtronic USA, Inc. were based on information gathered during venue discovery despite delays solely attributable to Medtronic, Inc. These delays are described in detail above—including the service of supplemental discovery responses that amounted to a complete reversal of positions that Medtronic, Inc. originally asserted.

It is commonly said that justice delayed is justice denied. Defendants' unpersuasive arguments do not overcome TMT's interest in a speedy resolution of its claims and protection of its intellectual property rights. *See, e.g.*, Fed. R. Civ. P. 1 (stating purpose of Federal Rules is to "secure the just, speedy, and inexpensive determination of every action and proceeding").

### B. Defendants Will Not Suffer Harm or Inequity As a Result of Denying the Motion

Defendants argue that they will suffer "unnecessary hardships" merely from having to litigate claim construction issues and prepare for the *Markman* hearing. This argument makes little sense given the parties' progress in the claim construction phase of the case. As noted, the parties have exchanged claim terms, proposed constructions, and extrinsic evidence, TMT has already filed its opening claim construction brief, and Defendants have deposed Dr. Sarac. Staying further *Markman* proceedings that have already progressed to this stage will only result in unnecessary delay to the detriment of all parties and to the prejudice of TMT.

Further, any hardship to Defendants is of their own making. Medtronic, Inc. could have filed this motion weeks earlier, well before the claim construction process began. Indeed,

Medtronic, Inc. informed the Court *almost three months ago* in the parties' Joint Motion for Entry of Order Governing Proceedings and Scheduling Order that "Medtronic does not believe that any further proceedings in this case should occur until those motions [to dismiss and transfer] have been decided." ECF No. 25 at 1 n.1. Yet Defendants did not seek to stay non-venue proceedings at that time. Instead, Defendants waited until they received TMT's opening claim construction brief and deposed Dr. Sarac. Only then did Defendants seek what is ultimately a unilateral extension of *their* claim construction deadlines. Shortly after filing the motion to stay, they cited TMT's claim construction brief and Dr. Sarac's deposition in their motions to dismiss for lack of written description. *See* ECF No. 49 at 1-3, 14; ECF No. 51 at 1-3, 14. Defendants should not be rewarded for their gamesmanship in filing the motion to stay at this stage. *See Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 1069179, at *4 (E.D. Tex. Mar. 11, 2015) (finding where "defendants have allowed the case to progress to a point at which the proceedings have become more active, and thus more expensive, for the parties[,] . . . the Court is not sympathetic with the defendants' contention that they will be exposed to potentially unnecessary expenses in the absence of a stay"); *Freeny v. Apple Inc.*, No. 2:13–cv–00361–WCB, 2014 WL 3611948, at *2 (E.D. Tex. Jul. 22, 2014) ("The pattern of delay . . . cuts against granting a stay.").

Finally, Defendants argue that the Court will not be able to decide the pending transfer motions before the *Markman* hearing, which would be contrary to the Court's standing order. *See* March 23, 2021, Standing Order Regarding Motions for Inter-District Transfers. The *Markman* hearing, however, will not take place until June 29, 2021. As noted above, TMT expects to file responses to Defendants' venue motions no later than the week of May 24, allowing sufficient time for those motions to be decided in advance of the *Markman* hearing. If the Court determines

that it cannot rule on the transfer motions before June 29, then the Court will, no doubt, reschedule the *Markman* hearing. There is no need for a stay.

### C. Granting the Motion Will Not Preserve Judicial Resources

Defendants argue that a stay would save the Court from dedicating time and resources to deciding claim construction issues. But it would really only delay Defendants from having to dedicate those resources now that claim construction briefing has already begun. As noted, briefing on the pending venue motions will conclude well in advance of the *Markman* hearing. The Court will thus be able to prioritize resolution of the venue disputes before resolving the claim construction issues, consistent with any need to "first address whether [the court] is a proper and convenient venue before addressing any substantive portion of the case." *In re Nintendo Co., Ltd.*, 544 F. App'x 934, 941 (Fed. Cir. 2013). Putting a stop to all non-venue proceedings would not conserve judicial resources but only halt the substantial progress that has been made in the claim construction phase of this case.

## V. CONCLUSION

In sum, Defendants do not come close to meeting their burden to "make out a clear case of hardship or inequity in being required to go forward." *Neodron Ltd.*, 2019 WL 9633629, at *1. Plaintiff TMT Systems, Inc. respectfully requests that the Court deny Defendants' Motion to Stay Non-Venue Events Pending Decision on Motions to Dismiss and Transfer.

Dated: May 18, 2021

CAPSHAW DERIEUX, LLP

/s/ *Elizabeth L. DeRieux*

Elizabeth L. DeRieux
Texas State Bar No. 05770585
114 East Commerce Avenue
Gladewater, Texas 75647
(903) 845-5770
ederieux@capshawlaw.com

OF COUNSEL:

David I. Gindler (admitted *pro hac vice*)
Lauren Drake (admitted *pro hac vice*)
Jasper Tran (admitted *pro hac vice*)
Christopher D. Lynch (admitted *pro hac vice*)
Milbank LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067-3019
(424) 386-4000

Javier Ramos (admitted *pro hac vice*)
Milbank LLP
1850 K Street, NW
Washington, DC 20006
(202) 835-7500

Benjamin Reed (admitted *pro hac vice*)
Mollie Galchus (admitted *pro hac vice*)
Milbank LLP
55 Hudson Yards
New York, NY 10001-2163
(212) 530-5000
*Attorneys for Plaintiff*
*TMT Systems, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on this the 18th day of May, 2021 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ *Elizabeth L. DeRieux*
Elizabeth L. DeRieux